Michael O. Stevens, OSB No. 095198
michael@hillsborofirm.com
STEVENS & LEGAL, LLC
3699 NW John Olsen Place
Hillsboro, OR 97124
Tel: (971) 533-6178
Fax: (971) 228-2608
Attorney for Plaintiff Stephanie S. Erhardt

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STEPHANIE S. ERHARDT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SHARI'S MANAGEMENT CORPORATION,<br><br>　　　　　Defendant. | **COMPLAINT FOR:**<br><br>(1) Sex/Gender Discrimination/Harassment 42 U.S.C. § 2000e-2 and ORS § 659A.030(1)(b);<br>(2) Retaliation 42 U.S.C. § 2000e-3 and ORS §659A.030(1)(f);<br>(3) Whistleblower Retaliation ORS §659A.199;<br>(4) Wrongful Discharge (Constructive): Reporting Unlawful Conduct;<br>(5) Violation of Minimum Wage Rate ORS §653.025<br>(6) Violation of Payment of Wages on Termination of Employment ORS §652.140<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Stephanie S. Erhardt ("Plaintiff"), alleges as follows:

## JURISDICTION AND VENUE

1. This is a suit for damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 e-2 and e-3, and its accompanying regulations, as well as supplemental state law, statutory and tort claims.

2. Subject matter jurisdiction is pursuant to 28 U.S.C. §§ 1331 and 1332.

3. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

5. Venue is proper in this District as the alleged unlawful acts took place in Washington County, Oregon while Plaintiff worked in Washington County, Oregon.

## PARTIES

6. Plaintiff, Stephanie S. Erhardt, resides in Washington County, Oregon.

7. Defendant Shari's Management Corporation *dba* Shari's ("Defendant") is a Delaware Corporation with its principal place of business in Washington County, Oregon.

8. This action arises out of events concerning Plaintiff's employment with Defendant, which occurred in Washington County, Oregon.

## FACTUAL BACKGROUND

9. At all material times, Defendant operated a chain of restaurants.

10. Plaintiff was employed by Defendant from May 2009 until July 2016 in one of Defendant's restaurants.

11. Employee Gerald Beamon ("Mr. Beamon") was employed by Defendant as a General Manager and was Plaintiff's supervisor during the time he sexually-harassed Plaintiff.

12. Employee Roberto Hernandez ("Mr. Hernandez") was employed by Defendant as a cook during the time he sexually-harassed Plaintiff.

13. Employee Stephanie Green ("Ms. Green") was employed by Defendant as an Assistant Manager and was Plaintiff's supervisor during the times the sexual harassment occurred.

14. At all material times, Mr. Beamon, Mr. Hernandez, and Ms. Green were employed by Defendant and were acting in the course and scope of their employment, representation, and/or agency with Defendant. Accordingly, Defendant is liable for the acts and omissions of its employees.

15. Mr. Beamon, while acting in the course and scope of his employment and agency for Defendant, subjected Plaintiff to offensive, pervasive and unwelcome sexual-harassment conduct on a continuing basis. This conduct included but was not limited to the following:

    a. He brushed up against her, sniffed her, and said she smelled good enough to eat.
    b. He brushed up against her body on several occasions in a sexual manner.
    c. He would make statements such as "You are lucky you are cute; I guess I will keep you around."
    d. He asked her to turn around and bend over. Ms. Green was also present on this occasion.

16. Due to Mr. Beamon's known hostile temperament as a manager, Plaintiff was afraid to say anything to him. However, it was apparent that his advances and differential treatment were unwanted.

17. In addition, Mr. Beamon instructed Plaintiff to clock out with her employment card after her regular work hours, but remain at work and clock in using Mr. Beamon's employment card.

18. Plaintiff, and others, were instructed by Mr. Beamon to work off-clock in this manner before and after shifts, repeatedly and as a general rule.

19. Under Mr. Beamon's instruction, breaks were regularly denied Plaintiff and other employees.

20. Mr. Hernandez, while acting in the course and scope of his employment and agency for Defendant, subjected Plaintiff to offensive, pervasive and unwelcome sexual-harassment conduct on a continuing basis. This conduct included but was not limited to the following:

    a. He grabbed her and touched her.
    b. He asked her to have sex with him.
    c. He called her baby and told her how beautiful she was.
    d. When she witnessed him rub and touch another female cook, he denied it and told her she was his baby.

21. Plaintiff opposed Mr. Hernandez's sexual behavior and verbal advances and made it clear that it was not wanted. This created conflict between Plaintiff and Mr. Hernandez, causing a hostile work environment for Plaintiff.

22. In retaliation for Plaintiff's denial of Mr. Hernandez's advances, Mr. Hernandez began to interfere with Plaintiff's employment duties by cooking inferior meals for her customers. He also messed up her tickets, made her meals cold, and ticket times took longer than for other servers.

23. Mr. Hernandez continued this harassing and retaliatory behavior, further creating a stressful and hostile environment for Plaintiff causing her emotional distress and reduced tips.

24. One day, Plaintiff's frustration with Mr. Hernandez's behavior in the kitchen culminated to Plaintiff's sudden exit from her shift and complaining to her supervisor, Ms. Green. Ms. Green convinced Plaintiff to go back to work and promised her she would take care of the situation with Mr. Hernandez.

25. Thereafter, Ms. Green told Plaintiff that since Plaintiff couldn't "work things out" with Mr. Hernandez, Plaintiff would be terminated as Mr. Hernandez was a valued cook for Defendant, which was short on cooks at the time.

26. Unable to work in the hostile environment she was subjected to and mistreated by Defendant's management, Plaintiff had no other choice but to quit.

## FIRST CAUSE OF ACTION

### Sexual Harassment and Hostile Work Environment

27. The allegations of paragraphs 1-26, above, are incorporated herein by reference.

28. Defendant's conduct targeted Plaintiff on the basis of her sex, had the purpose and effect of unreasonably interfering with her work performance and created an intimidating, hostile and offensive working environment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

29. Defendant also violated ORS §659A.030(1)(a) when its employees' severe and pervasive harassment and discrimination targeted Plaintiff based on her sex, creating a hostile work environment and culminating in her constructive discharge.

30. Defendant is liable for the actions of its employees Mr. Beamon and Mr. Hernandez.

31. Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages because of Defendant's discriminatory practices unless and until the Court grants relief.

## SECOND CAUSE OF ACTION

### Retaliation under 42 U.S.C. § 2000e-3; ORS §659A.030(1)(f)

32. The allegations of paragraphs 1-31, above, are incorporated herein by reference.

33. Plaintiff engaged in protected activity when she resisted unlawful conduct of Mr. Hernandez.

34. Mr. Hernandez retaliated against Plaintiff for resisting his unlawful conduct, which had adverse financial and emotional consequences on Plaintiff.

35. Defendant is liable for the actions of its employee, Mr. Hernandez.

36. Defendant knew or should have known that the working conditions were hostile and unacceptable, as Ms. Green witnessed many instances of harassing and unlawful conduct.

37. Defendant did not rectify the hostile working conditions which ultimately caused Plaintiff's constructive discharge.

### THIRD CAUSE OF ACTION

### Whistleblower Retaliation ORS §659A.199

38. The allegations of paragraphs 1-37, above, are incorporated herein by reference.

39. Plaintiff reported in good faith information she believed was evidence of unlawful conduct regarding sexual harassment and hostile work environment.

40. Plaintiff's reports of such conduct were a substantial motivating factor in Defendant's constructive discharge of Plaintiff.

### FOURTH CAUSE OF ACTION

### Wrongful Discharge (Constructive): Reporting Unlawful Conduct

41. The allegations of paragraphs 1-40, above, are incorporated herein by reference.

42. At all material times, the public policy of the State of Oregon was to prohibit employers from retaliating against employees for good faith reporting of what they reasonably believe was unlawful and/or criminal conduct. This public policy is embodied in the common law, Oregon statutes, and regulations including, but not limited to ORS §659A.199; ORS §659A.230; *Olsen v. Deschutes County*, 204 Or.App. 7(2006), *rev. den.* 341 Or. 80 (2006).

43. Plaintiff reported, in good faith, sexual-harassment conduct by Defendant's employees that she believed to be criminal and/or in violation of a rule or law.

44. Defendant took adverse employment actions against Plaintiff and caused her to be constructively discharged.

## FIFTH CAUSE OF ACTION

### Violation of Minimum Wage Rate ORS §653.025

45. The allegations of paragraphs 1-44, above, are incorporated herein by reference.

46. Defendant, through its employee Mr. Beamon, failed to pay Plaintiff minimum hourly wage for all hours worked.

47. Mr. Beamon instructed Plaintiff to work longer hours than what she was paid, making her hourly wage less than legal minimum wage when averaged out over the hours actually worked, thereby causing Plaintiff financial harm.

## SIXTH CAUSE OF ACTION

### Violation of Payment of Wages on Termination of Employment ORS §652.140

48. The allegations of paragraphs 1-47, above, are incorporated herein by reference.

49. Defendant, through his employee Mr. Beamon, failed to pay Plaintiff for the full time she worked during her employment.

50. As a result, Defendant failed to pay Plaintiff all her wages due to her at the termination of her employment.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court enter a judgment against the Defendant as follows:

A. For an award of economic damages in an amount of at least $100,000, or in such greater amount as may be proven at trial;

B. For an award of noneconomic damages in an amount not to exceed $500,000, or in such greater amount as may be proven at trial;

C. For an award of punitive damages in an amount of at least $1,000,000, or in such greater amount as may be proven at trial;

D. For an award of her costs and disbursements incurred herein;

E. For an award of her reasonable attorneys' fees incurred herein; and

F. For such other and further relief as the Court determines to be just and proper in under the circumstances.

Dated:   April 25, 2017

Respectfully submitted,

By: /s/ Michael O. Stevens
Michael O. Stevens, OSB No. 095198
michael@hillsborofirm.com
Attorney for Plaintiff
Stephanie S. Erhardt